STATE OF WEST VIRGINIA

SUPREME COURT OF APPEALS

FILED

November 14, 2014

RORY L. PERRY II, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

NANCY J. COST,
Claimant Below, Petitioner

vs.)    No. 14-0069  (BOR Appeal No. 2048606)
                (Claim No. 2002022338)

WEST VIRGINIA OFFICE OF
INSURANCE COMMISSIONER
Commissioner Below, Respondent

and

WHEELING-PITTSBURGH STEEL CORPORATION,
Employer Below, Respondent

MEMORANDUM DECISION

Petitioner Nancy J. Cost, by M. Jane Glauser, her attorney, appeals the decision of the West Virginia Workers' Compensation Board of Review. The West Virginia Office of the Insurance Commissioner, by Jon Snyder, its attorney, filed a timely response.

This appeal arises from the Board of Review's Final Order dated December 26, 2013, in which the Board affirmed a July 1, 2013, Order of the Workers' Compensation Office of Judges. In its Order, the Office of Judges affirmed the claims administrator's October 19, 2011, decision granting Ms. Cost an additional 4% permanent partial disability award, and also affirmed the claims administrator's August 7, 2012, decision denying Ms. Cost's request to add right knee pain as a compensable component of the claim. The Office of Judges reversed the claims administrator's August 2, 2012, decision denying Ms. Cost's request for authorization of a right knee MRI and authorized the requested MRI. Additionally, the Office of Judges reversed the claims administrator's November 14, 2012, decision denying Ms. Cost's request to add neck sprain as a compensable component of the instant claim and added neck sprain as an additional

1

compensable component.[1] The Court has carefully reviewed the records, written arguments, and appendices contained in the briefs, and the case is mature for consideration.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law. For these reasons, a memorandum decision is appropriate under Rule 21 of the Rules of Appellate Procedure.

Ms. Cost injured her lower back while operating a jackhammer on October 3, 2001. Ms. Cost's claim has been held compensable for lumbar sprain, lumbar radiculopathy, lumbar degenerative disc disease, spondylolisthesis, hardware failure caused by a mechanical complication, failed spinal fusion, depression, and anxiety. Ms. Cost suffers from a pre-existing scoliotic deformity of her spine, and compensability of this condition has been specifically denied. Following the compensable injury, Ms. Cost underwent numerous surgeries that culminated in the surgical fusion of her entire spinal column. However, portions of these surgical procedures were directed at correcting Ms. Cost's scoliosis.

On September 25, 2011, Robert Gerbo, M.D., performed an independent medical evaluation. He opined that Ms. Cost sustained 27% whole person impairment as a result of range of motion abnormalities in her lumbar spine. Dr. Gerbo placed Ms. Cost in lumbar category V of West Virginia Code of State Rules § 85-20-Table C (2006), and opined that she should receive a 28% permanent partial disability award for her compensable injury based on a finding that her entire spinal column has been surgically fused. On October 19, 2011, the claims administrator granted Ms. Cost an additional 4% permanent partial disability award, over previous awards already granted in the claim, for a total award of 28%.

On June 5, 2012, Bruce Guberman, M.D., performed a records review. Dr. Guberman agreed with Dr. Gerbo's conclusion that Ms. Cost sustained 28% whole person impairment as a result of the lumbar spine injury. However, Dr. Guberman is of the opinion that the vertebral fusions performed on Ms. Cost's thoracic spine are compensable and that an impairment rating specifically for the thoracic spine is therefore warranted. Dr. Guberman opined that Ms. Cost sustained a minimum of 8% whole person impairment as a result of the thoracic spine fusion. Although he noted that accurate range of motion measurements for the thoracic spine were not contained in the record, and therefore not available for him to review, Dr. Guberman opined that Ms. Cost also sustained a minimum of 8% whole person impairment as a result of range of motion abnormalities in the thoracic spine. After placing Ms. Cost in thoracic category IV of West Virginia Code of State Rules § 85-20-Table D (2006), Dr. Guberman recommended a 20% permanent partial disability award for the thoracic spine and opined that Ms. Cost sustained a total of 42% whole person impairment as a result of the October 3, 2001, injury.

---

[1] Ms. Cost has not appealed the reversal of the claims administrator's August 2, 2012, decision denying her request for authorization of a right knee MRI, and also has not appealed the reversal of the claims administrator's November 14, 2012, decision denying her request to add neck sprain as a compensable component of the claim.

On August 2, 2012, the claims administrator denied a request from Ms. Cost's treating physician for authorization of a right knee MRI. On August 7, 2012, the claims administrator denied a request from Ms. Cost's treating physician to add right knee pain as a compensable component of the instant claim. Finally, on November 14, 2012, the claims administrator denied a request from Ms. Cost's treating physician to add neck sprain as a compensable component of the instant claim.

In its Order, the Office of Judges affirmed the October 19, 2011, claims administrator's decision granting Ms. Cost an additional 4% permanent partial disability award, and also affirmed the August 7, 2012, claims administrator's decision denying the request to add right knee pain as a compensable component of the instant claim. The Office of Judges reversed the August 2, 2012, claims administrator's decision denying authorization for a right knee MRI and authorized the requested MRI. Additionally, the Office of Judges reversed the November 14, 2012, claims administrator's decision denying the request to add neck sprain as a compensable component of the instant claim and added neck sprain as an additional compensable component. As noted above, Ms. Cost has only appealed the decision to increase her overall permanent partial disability award by 4% and the denial of her request to add right knee pain as a compensable component of the claim. On appeal to this Court, Ms. Cost asserts that the evidence of record demonstrates that she is entitled to an increased permanent partial disability award, per the opinion of Dr. Guberman, as well as the addition of right knee pain as a compensable component of the claim. Additionally, Ms. Cost requests that the claim be remanded for an additional independent medical evaluation to include the now-compensable neck sprain.

The Office of Judges noted that Ms. Cost relies on the opinion of Dr. Guberman in asserting that she is entitled to an additional permanent partial disability award covering the thoracic spine. The Office of Judges found that the thoracic spine has never been added as a compensable component of the instant claim. The Office of Judges went on to find that the issue of compensability of the thoracic spine is not ripe for consideration. Therefore, the Office of Judges concluded that Dr. Guberman's finding of 20% whole person impairment arising from the thoracic spine is premature.

It is noted that on appeal to this Court Ms. Cost has provided no evidence or specific argument regarding her request to add right knee pain as a compensable component of the instant claim, aside from the request itself. However, the Office of Judges found that physical therapy treatment notes document that Ms. Cost experienced right knee pain after completing physical therapy, which was authorized in the instant claim. It was this finding that constituted the basis for the Office of Judges' authorization of the requested right knee MRI. However, when analyzing the request to add right knee pain as a compensable component of the instant claim, the Office of Judges found that "knee pain" merely describes a symptom and is therefore not a specific diagnosis that can be held compensable.

The Board of Review affirmed the reasoning and conclusions of the Office of Judges in its decision of December 26, 2013. We agree with the reasoning of the Office of Judges and the conclusions of the Board of Review regarding Ms. Cost's request for an increased permanent

partial disability award and her request to add right knee pain as a compensable component of the instant claim. However, we find that the Board of Review erred in failing to rule on Ms. Cost's motion to remand the claim for an additional independent medical evaluation to include the now-compensable neck sprain dated September 20, 2013. Neck sprain has been added as a compensable component of the claim, and Ms. Cost is entitled to an evaluation for the purpose of determining the amount of permanent impairment resulting from this compensable condition. Therefore, the decision of the Board of Review affirming the additional 4% permanent partial disability award and denying the request to add right knee pain as a compensable component of the claim is affirmed. Additionally, the claim is remanded to the Board of Review with instructions to authorize an additional independent medical evaluation including the compensable neck sprain.

Affirmed, in part, remanded, in part.

**ISSUED:   November 14, 2014**

**CONCURRED IN BY:**
Chief Justice Robin J. Davis
Justice Brent D. Benjamin
Justice Margaret L. Workman
Justice Menis E. Ketchum
Justice Allen H. Loughry II